IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Jacques T. Hamilton, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:15-CV-594 LY |
| Henderson Control, Inc., Reggie Carter, Ray Touar, Mr. Mike Jones, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS RULE 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants Henderson Control, Inc., Reggie Carter, Ray Tovar[1], and Mike Jones, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), file this Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") for failure to state a claim on which relief may be granted, and would show as follows:

### I.   INTRODUCTION AND BACKGROUND

1.   Plaintiff Jacques T. Hamilton initially filed the above-captioned suit on March 4, 2015, in the Eastern District of Texas.[2] Plaintiff filed his Amended Complaint pursuant to a court order on April 2, 2015, and on June 2, 2015, the Eastern District transferred the case to the Western District of Texas, the proper district of venue. *See* Dckt. No. 8.

2.   During the time of the events described in Plaintiff's pleadings, Plaintiff was an inmate at the Lockhart Correctional Facility. Plaintiff claims that he was working for Defendant

---

[1] Plaintiff incorrectly spelled Mr. Tovar's name in the Amended Complaint.
[2] Plaintiff purports to bring claims on behalf of himself as well as another individual, Cyril Rakeem Lee. However, as a *pro se* party, Plaintiff cannot represent Mr. Lee or appear on his behalf. *U.S. Bank Nat'l Ass'n v. Borunda*, 2016 U.S. Dist. LEXIS 60151, at *1 n.1 (W.D. Tex. May 5, 2016) (citing Restatement (Third) of the Law Governing Lawyers § 4; *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168 (E.D. Va. 1994); *Murphy v. Int'l Bus. Machs. Corp.*, 810 F. Supp. 93 (S.D. N.Y. 1992)). Therefore, this Motion only addresses Plaintiff's claims, as they are the only causes of action before the Court.

Henderson Controls, Inc. ("Henderson") while at the Lockhart Correctional Facility but was wrongfully terminated in April or May 2014.  *See* Dckt. No. 1 (Original Complaint).  Plaintiff claims he was terminated because he violated the prison's strict policy related to establishing relationships between staff and inmates.  *See* Dckt. No. 1-1 (Attachment to Original Complaint).

3. In his pleadings, Plaintiff does not appear to deny that he attempted to establish an inappropriate relationship with or improperly influence members of Defendant Henderson's staff.  Rather, he seems to complain that Defendant Henderson did not provide him with a detailed explanation or take other steps before terminating him, even though, as he admits in his pleadings, attempting to establish an inappropriate relationship with or improperly influence a staff member violates a zero-tolerance policy of which he was aware prior to his termination.

4. In his Original Complaint, Plaintiff asserts a claim for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").  *See* Dckt. No. 1.  Although he does not specifically state so, it appears Plaintiff also attempts to incorporate his June 17, 2014 letter to the Equal Employment Opportunity Commission ("EEOC Letter") into his Original Complaint.  *See* Dckt. No. 1-1.  In addition to employment discrimination, the EEOC Letter states—in conclusory fashion and without any explanation or attempt to specify the allegations or the Defendants against whom the allegations are made—that Plaintiff is also seeking damages for wrongful termination and defamation.

5. Even under a generous reading of Plaintiff's pleadings in this case, he has failed to allege substantive, non-conclusory facts showing that he have a plausible right of relief against Defendants.  Therefore, pursuant to FED. R. CIV. P. 12(b)(6), each of Plaintiff's claims against Defendants should be dismissed.

## II. ARGUMENT AND AUTHORITIES

6. FED. R. CIV. P. 8 requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted Rule 8 as requiring more than mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Instead, to survive a motion to dismiss, the pleading "must contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the complaint contains facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While not requiring the plaintiff to show it is probable the defendant caused the harm, liability must be more than "sheer possibility" to satisfy the plausibility requirement. *Id.* Importantly, Rule 8 does not permit a plaintiff to proceed with a lawsuit based on "nothing more than conclusions." *Id.* at 1950.

7. That Plaintiff is proceeding *pro se* does not excuse him from the pleading requirements set out in the Federal Rules of Civil Procedure. Both the United States Supreme Court and the Fifth Circuit recognize that *pro se* litigants must still plead factual allegations that raise the right to relief above the speculative level. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Twombly*, 550 U.S. at 555. Here, Plaintiff has wholly failed to satisfy his pleading burden, and his claims should be dismissed.

**A. The Court Should Dismiss Plaintiff's Employment Discrimination Claims as to Defendant Henderson Because Plaintiff Failed to Satisfy the Pleading Requirements of FED. R. CIV. P. 8.**

8. Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ultimate question in a Title VII discrimination case is "'whether a defendant took the adverse employment action against a

plaintiff because of [his] protected status.'" *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)).

9. In the many pages of handwritten statements Plaintiff has filed in this case, he has failed to set forth any facts sufficient to state a claim to relief that is plausible on its face, as required by FED. R. CIV. P. 8. Plaintiff's Amended Complaint (Dckt. No. 7) contains no factual allegations or claims for relief. Plaintiff's Original Complaint (Dckt. No. 1) uses the Court's form for complaints under Title VII. In Paragraph 8 of the Original Complaint, Plaintiff indicates he was terminated because of his sex. In Paragraph 9, where Plaintiff was asked to describe the circumstances under which he was discriminated, Plaintiff states:

> Mgr staff stated I attempted to establish a sexual relationship with Staff Mgr. Reggie Carter + attempted to manipulate Mr. Carter's decisions regarding job assignment, shift assignment, employment of other offenders. Also stated I further attempted to also manipulate (HCI) QA Manager Ray Tovar in a "Note" concerning job assignments and shift assignments for other offenders.

10. The allegations contained in Paragraph 9 of the Original Complaint do not state a claim for relief. To the contrary, Plaintiff's description of the circumstances surrounding his termination demonstrate the non-discriminatory reason behind the decision to terminate Plaintiff.

11. Although he does not expressly incorporate it into his pleadings, even if the Court considers the allegations contained in the EEOC Letter attached to the Original Complaint, Plaintiff still does not satisfy his pleading burden. Over the course of six handwritten pages, the EEOC Letter contains the following allegations surrounding Plaintiff's termination:

- "The bulk of this cause is that the Head Mgr Plant Mgr Mike Jones stated that (Mr. Lee) and myself (Mr. Hamilton) attempted to establish a relationship with a Contract Mgr Staff, as well as himself by requesting through a hand typed letter by (Mr. Lee), May 5, 2014 requesting to speak with him (Mike Jones) for job related purposes and 2-I-60's hand written by me Jacques Trent Hamilton a method/protocol one MUST follow in order to speak with ANY Officials of Staff." *See* Dckt No. 1-1 at pg. 2.

- 4 -

- "Mr. Lee and I Mr. Hamilton both sent I-60s as well as a typed letter submitted by Mr. Lee requesting to speak to Mr. Jones concerning our jobs and that was used as pretext to say that we were trying to: Attempt to Establish a Relationship with Contract Mgr Staff." *See* Dckt No. 1-1 at pg. 4.

12. The EEOC Letter contains allegations by Plaintiff that he had never received a warning or write-up during his employment with Defendant Henderson, and his conversations with his supervisors indicated he was a good employee. However, Plaintiff also acknowledges in the EEOC Letter that the prison "has a Zero Tolerance about INMATES: Attempting to Establish a Relationship with OFFICERS/VOLUNTEERS/FREE WORLD CONTRACT EMPLOYEES or EACH OTHER, and this is a very, very STRICT POLICY" enforced by the prison. (Dckt No. 1-1 at pg. 5).

13. Recently, the Fifth Circuit upheld the dismissal of a discrimination claim under Title VII pursuant to Fed. R. Civ. P. 12(b)(6), holding that the plaintiff's allegations that (1) the stated reason for his termination was mere pretext because white employees who committed more serious infractions were not terminated, (2) as a person of color, he was punished for infractions that white employees were not, and (3) his employer created a hostile work environment were not sufficient to allow the court to draw the inference that the employer was liable for terminating the plaintiff because of his race. *Whitlock v. Lazer Spot, Inc.*, 2016 U.S. App. LEXIS 14944, at *3–5 (5th Cir. Aug. 15, 2016). Plaintiff's pleadings in this case do not even rise to the level of those in *Whitlock*, which were still insufficient under Rule 8 and resulted in dismissal for failing to state a claim. Plaintiff wholly fails to set forth any facts supporting his contention that he was terminated because of a protected status; in fact, Plaintiff never identifies what protected status he is claiming led to his termination. Moreover, on the face of his pleadings, Plaintiff has set forth a non-discriminatory reason for his termination: attempting to violate applicable rules related to employee-inmate relationships.

14. As a result, Plaintiff's Title VII claims against Defendant Henderson should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted.

**B.     The Court Should Dismiss Plaintiff's Employment Discrimination Claims as to the Individual Defendants Because Plaintiff Failed to State a Claim Upon Which Relief May Be Granted.**

15. In addition to the arguments set forth in Section II(A), above, which apply equally to Defendants Carter, Tovar, and Jones, Plaintiff's Title VII claims against the individual Defendants must be dismissed because Plaintiff has failed to state a claim against them in their individual capacities on which relief may be granted.

16. Title VII creates liability for employers who discriminate on the basis of race, color, religion, sex, or national origin.  "Employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…"  42 U.S.C. § 2000e(b).  The Fifth Circuit has clarified that the inclusion of the term "agent" in the definition was not intended to create personal liability for individuals working for an employer, but merely to incorporate the principle of respondeat superior liability to Title VII.  *Muthukunmar v. Kiel*, 478 Fed. Appx. 156, 158 (5th Cir. 2012).

17. Defendants Carter, Tovar, and Jones cannot be held personally liable under Title VII because they do not fit the definition of an employer if acting in their personal capacity.  *See Grant v. Lone Star Co.*, 21 F.3d 649, 652–53 (5th Cir. 1994); *Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir. 1990).  As the Fifth Circuit noted in *Grant*, the language of section 2000e(b) "suggests that Congress did not intend to include" natural persons such as individual employees in the definition of "employer."  *Grant*, 21 F.3d at 653.  As a result, Plaintiff has not pled a

discrimination claim against Defendants Carter, Tovar, and Jones upon which relief may be granted, and they are entitled to dismissal pursuant to FED. R. CIV. P. 12(b)(6).

  C.  **The Court Should Dismiss Plaintiff's Wrongful Termination Claim Because Plaintiff Failed to Satisfy the Pleading Requirements of FED. R. CIV. P. 8.**

    18.  It is well-settled that Texas, like most states, is an at-will employment state, and an employer may terminate an employee at any time, with or without cause. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 862 (5th Cir. 1999); *County of Dallas v. Wiland*, 216 S.W.3d 344, 347 (Tex. 2007). Plaintiff has not identified any express rule or policy, either state or federal, that would limit the conditions under which he may be terminated. *See Heggemeier v. Caldwell County*, 826 F.3d 861, 2016 U.S. App. LEXIS 11531, at *15 (5th Cir. 2016) (affirming dismissal of wrongful termination claim under Rule 12(b)(6) where plaintiff failed to plead facts sufficient to overcome strong presumption of at-will employment).

    19.  Like the plaintiff in *Heggemeier*, Plaintiff's wrongful termination claim must be dismissed because he has failed to state a claim upon which relief may be granted.

  D.  **The Court Should Dismiss Plaintiff's Defamation Claim Because Plaintiff Failed to Satisfy the Pleading Requirements of FED. R. CIV. P. 8.**

    20.  To state a defamation claim under Texas law, Plaintiff is required to plead facts showing Defendants published a statement that was defamatory concerning Plaintiff while acting with negligence regarding the truth of the statement. *Copeland v. State Farm Ins. Co.*, 2016 U.S. App. LEXIS 13616, at *5 (5th Cir. Aug. 6, 2016) (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). In *Copeland*, the Fifth Circuit determined that it was insufficient for the plaintiff to allege that the defendant discussed an accusation against the plaintiff with third parties. *Id.* at *6. In addition to finding there was not a reasonable inference that the defendants could be held liable for defamation based on these allegations, the Fifth Circuit also noted that the

plaintiff's failure to allege the supposedly defamatory statement was made with negligence was a fatal defect to the pleading. *Id.*

21. Here, Plaintiff has failed to identify what allegedly defamatory statements were made, who they were made to, or that they were made with negligence regarding the truth of the statements. Plaintiff has wholly failed in his obligations under FED. R. CIV. P. 8, and his defamation claim must be dismissed for failing to state a claim upon which relief may be granted.

### III.   CONCLUSION

22. As a *pro se* litigant, Plaintiff is not excused from complying with the pleading requirements imposed by FED. R. CIV. P. 8 and Texas state and federal courts. Even if the Court looks past Plaintiff's live pleading, which contains absolutely no allegations, and considers the allegations contained Plaintiff's Original Complaint and the EEOC Letter attached thereto, Plaintiff has failed to adequately plead claims for employment discrimination under Title VII, wrongful termination, or defamation. Therefore, Defendants are entitled to dismissal pursuant to FED. R. CIV. P. 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendants request that the claims asserted by Plaintiff in the above-captioned case be dismissed with prejudice to the refiling of the same for failing to state a claim upon which relief may be granted, and for all other relief, in law or in equity, to which Defendants may be entitled.

Dated: September 14, 2016.

          Respectfully submitted,

          JACKSON WALKER L.L.P.

By: *(signature)*

          Monte F. James
          State Bar No. 10547520
          mjames@jw.com
          Kimberly Gdula
          State Bar No. 24052209
          kgdula@jw.com

          100 Congress, Suite 1100
          Austin, TX 78701
          (512) 236-2000
          (512) 236-2002 - Fax

          ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing instrument was served on all attorneys of record in the above entitled and numbered cause this the 14th day of September, 2016, via certified and regular mail:

    Jacques T. Hamilton
    710 A.C. Rd 401
    Palestine, Texas 75803

*(signature)*

Kimberly Gdula