IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACQUES T HAMILTON | § | |
| | § | |
| V. | § | A-15-CV-594-LY |
| | § | |
| HENDERSON CONTROL, INC., et al. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 40), and Plaintiff's Motion Not to Dismiss Plaintiff [sic] Complaint (Dkt. No. 43). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

**I. BACKGROUND**

Jacques Hamilton, proceeding *pro se*, brings this case against Henderson Control, Inc., employees Reggie Carter and Ray Tovar, and "Plant Manager" Mike Jones. Hamilton claims that while incarcerated at Lockhart Correctional Facility, he participated in a work program in which he was employed by Henderson Control. However, in April or May 2014, Hamilton was dismissed. In the Employee Disciplinary Notice given to Hamilton for his termination, Jones claimed that Hamilton had attempted to establish an inappropriate relationship with, and improperly influence, Hamilton's supervisors, Carter and Tovar. According to Henderson Control's guidelines, the company has strict rules regarding inmate-employee relations with other employees.

Hamilton, however, argues that Henderson's allegations were false and a mere pretext for his termination. He alleges that he never experienced problems at work previously. Moreover, according to Hamilton, if the allegations had been true, there were a number of procedures that would have been taken concurrent with, or prior to, his dismissal. None of these actions were taken. Instead, Hamilton claims that Jones falsely alleged this infraction as a pretext for terminating his employment on the basis of his sexual orientation. Following his termination, Hamilton filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 1-1 at 28. He attached this form to his complaint, as well as his right to sue letters from the EEOC. *Id.* at 29, 31. Hamilton then filed suit, alleging employment discrimination against him on the basis of his sexual orientation in violation of Title VII. Additionally, he alleges wrongful termination and defamation under Texas state law. The defendants collectively bring this motion to dismiss for failure to state a claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). *Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. ANALYSIS

Hamilton alleges three claims in his Amended Complaint.  First, he claims that his termination was a result of discrimination on the basis of his sexual orientation in violation of Title VII.  Next, he alleges that he was wrongfully terminated from Henderson Control.  Lastly, he alleges defamation from the false allegations included in the Employee Disciplinary Notice.  As the defendants jointly move for dismissal—and Hamilton makes no attempt to distinguish the defendants' individual liability for each of his claims—the Court will address the claims as against all the defendants jointly (collectively, "Henderson").

**A.     Title VII**

First, Hamilton claims that Henderson dismissed him on the basis of his sexual orientation in violation of Title VII.  Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  Though the EEOC has indicated that it considers sexual orientation as a class of "sex" or "gender"

that would be protected by Title VII, the Fifth Circuit has conclusively stated that "Title VII in plain terms does not cover 'sexual orientation.'" *Brandon v. Sage Corp.*, 808 F.3d 266, 270 n.2 (5th Cir. 2015); *Brown v. Subway Sandwich Shop of Laurel, Inc.*, No. 2:15-CV-77, 2016 WL 3248457, at *2 (W.D. Miss. June 13, 2016). Moreover, nearly all other circuits to address this argument have agreed with the Fifth Circuit. *See, e.g.*, *Hively v. Ivy Tech Community College*, 830 F.3d 698, 703-714 (7th Cir. 2016) (compiling cases), *vacated and rehearing en banc granted*, 2016 WL 6768628 (Oct. 10, 2016).[1] As Hamilton does not allege another basis of discrimination, he cannot establish a valid claim under Title VII.

**B.     Wrongful Termination**

Further, Hamilton does not allege an actionable wrongful termination claim. Under Texas state law, employment is generally considered to be at-will unless there is a specific agreement to the contrary. *Montgomery Co. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Here, Hamilton has not provided an agreement that would overcome this presumption. Therefore, absent an exception, Henderson was permitted to terminate Hamilton's employment at any time and for any reason. *See Little v. Bryce*, 733 S.W.2d 937, 940 (Tex. App.–Houston [1st Dist. 1987) (Levy, J., concurring) (compiling a list of exceptions to the employment-at-will doctrine, including discrimination based on "sex"); TEX. LAB. CODE § 21.051. As in his Title VII claim, Hamilton argues that he was wrongfully terminated on the basis of his sexual orientation. However, "analogous federal statutes and the cases interpreting them guide our reading of" the Texas

---

[1] The court in *Hively* noted that while it agreed with the EEOC that discrimination based on sexual orientation was actionable under Title VII as "sex" based discrimination, and that the "writing was on the wall" that courts around the country were reaching the same conclusion, it was bound to follow circuit precedent until "the writing comes in the form of a Supreme Court opinion or new legislation." *Id.* at 718.

discrimination statutes. *See Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001). Therefore, courts interpret TEXAS LABOR CODE § 21.051 in accordance with federal law. As such, there is no exception to the employment-at-will doctrine for discrimination on the basis of sexual orientation.

Additionally, Hamilton appears to argue that he was wrongfully terminated based on false allegations made by Henderson. However, this argument does not fit into any of the established exceptions; instead it clearly falls into the general employment-at-will doctrine. Therefore, Hamilton has not alleged a wrongful termination claim upon which relief may be granted.

**C.     Defamation/ False Allegations**

Lastly, Hamilton alleges a claim for defamation based on the false allegations made by Henderson. To prove defamation, the plaintiff must show: "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). A statement is defamatory when "the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 73.001). For private individuals, "actual malice" is not required, and the plaintiff need only show negligence. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Additionally, a plaintiff must show some form of economic damages unless he is alleging defamation per se. *Hancock v. Variyam*, 400 S.W.3d 59, 63-64 (Tex. 2013).

Here, Henderson argues that Hamilton failed to identify any false defamatory statements. Yet, Hamilton clearly referenced "false allegations" made by Henderson claiming that Hamilton attempted to establish an inappropriate relationship with another employee. Dkt. No. 1 at 3.

Moreover, Hamilton seems to argue that the reason for his termination was a mere pretext, thus establishing at least prima facie evidence of fault. Dkt. No. 1-1 at 3. Finally, as Hamilton was dismissed based on the allegations, he has established a basis for damages. Thus, Hamilton likely can show more than a speculative basis for a defamatory statement, made with the requisite degree of fault, that caused damages.

However, Hamilton fails to establish that the statement was published. A statement is published when it is "communicated orally, in writing, or in print to some third person capable of understanding [its] defamatory import and in such a way that the third person did so understand." *Austin v. Inet Tech., Inc.*, 118 S.W.3d 491, 496 (Tex. App.–Dallas 2003). The Texas Supreme Court has held that "an employer has a conditional or qualified privilege that attaches to communications made in the course of an investigation following a report of employee wrongdoing." *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Therefore, "as long as communications pass only to persons having an interest or duty in the matter to which the communications relate," the statement is not published. *Id.* Hamilton nowhere alleges that the allegedly defamatory statement was published to anyone other than Henderson employees involved in his termination. Instead, Hamilton only alleges that the statement was included in his Employee Disciplinary Notice. Dkt. No. 1-1 at 20. A statement included in a disciplinary report, even if false, is clearly protected and would not establish publication of the defamatory statement. As Hamilton has not alleged any further publication of the statement, Hamilton did not sufficiently plead an allegation of defamation.

## IV. RECOMMENDATIONS

The undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' Motion to Dismiss (Dkt. No. 40), and **DISMISS WITH PREJUDICE** all claims by the Plaintiff.

## V. WARNINGS

The parties may file objections to the Recommendations contained above. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of November, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE